FILED
CLERK
9/21/2015 3:05 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KARON DEOPERSAUD,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

**CONSOLIDATED ORDER**
12-CV-3623 (SJF)
14-CV-2939 (SJF)

FEUERSTEIN, J.

*Pro se* petitioner, Karon Deopersaud ("Deopersaud"), has filed two (2) applications for a writ of habeas corpus under 28 U.S.C. § 2255. He contends that: (1) he received ineffective assistance of counsel, because his attorney allegedly failed to file an appeal on his behalf; (2) he is not guilty of violating 18 U.S.C. § 924(c)(1)(A)(ii) ("Section 924(c)"), or use of a firearm during a crime of violence; and (3) he would not have entered into his plea agreement if he had known that he would be ordered to pay restitution. For the reasons stated below, the motions are denied.

**I.**    **Background**

In April 2007, Deopersaud and his co-defendants committed an armed robbery of a jewelry store in Bellmore, New York. In April 2010, pursuant to a plea agreement, Deopersaud pleaded guilty to conspiracy to commit robbery and use of a firearm during a crime of violence. (Dkt. No. 86, No. 07-cr-751). The plea agreement provided:

> The defendant agrees not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event that the court imposes a term of imprisonment of 121 months or less.

(Plea Ag. § 4). In Deopersaud's plea allocation, he admitted that he knew at the time of the robbery that one of his co-conspirators possessed a gun.

> [THE GOVERNMENT:] Your Honor, I should say the defendant wasn't actually the one in possession of the gun. He aided and abetted another's use of the gun.
>
> THE COURT: Understood?
>
> THE DEFENDANT: Yes.
>
> . . . .
>
> THE DEFENDANT: Okay, I went inside the jewelry store with them. We had a plan that we was going to rob the store, and they told me to go inside and take stuff which [sic] I went inside with the three of them, one guy had the gun pointed to the clerk.
>
> THE COURT: Go ahead, so you went inside?
>
> THE DEFENDANT: Yes, I went inside and to rob them, one of the guys pointed the gyn [sic] at the clerk, and me, I was in the store with Garcia and myself, we are standing by the door.
>
> THE COURT: You knew they had a gun, right?
>
> THE DEFENDANT: I knew they had a gun, that's correct.

(Plea Tr. at 8:21-25).

In April 2011, this Court sentenced Deopersaud to 117 months of imprisonment, 5 years of supervised release, $60,000 in restitution, and a $200 special assessment fee. (Dkt. No. 109, No. 07-cr-751). Judgment was entered on May 3, 2011. *Id.* Upon Deopersaud's timely appeal, the United States Court of Appeals for the Second Circuit (the "Second Circuit") summarily affirmed his conviction in June 2013. (Dkt. No. 124, No. 07-cr-751).

Deopersaud had filed his first habeas motion under 28 U.S.C. § 2255 ("First 2255 Motion") prior to the affirmance by the Second Circuit. (Dkt. No. 1, No. 12-cv-3623). He later

filed a second habeas motion ("Second 2255 Motion" and, with the First 2255 Motion, the "Motions"). (Dkt. No. 1, No. 14-cv-2939).[1]

In his Motions, Deopersaud claims that he received ineffective assistance of counsel based upon his attorney's alleged failure to appeal his case. (First 2255 Motion, at 2). He further argues that he is not guilty of using a gun during the robbery in violation of Section 924(c), because he did not personally possess the gun. *Id.* at 4. Lastly, he contends that he would not have entered into the plea agreement if he had known that he would be ordered to pay restitution. (Second 2255 Motion, at 2, 5, 6). For the reasons provided below, the Motions are denied.

**II.    Discussion**

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). To that end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. *Faretta v. California,* 422 U.S. 806, 834 n.36 (1975).

Here, Deopersaud's ineffective assistance of counsel claim is both meritless and moot. His plea agreement provided that "[t]he defendant agrees not to file an appeal . . . in the event

---

[1] Deopersaud filed his two (2) habeas motions as separate cases in this Court. The Clerk of the Court subsequently consolidated his Motions under Lead Case No. 12-cv-3623 (SJF). *See* Dkt. No. 3, No. 14-cv-2939.

that the court imposes a term of imprisonment of 121 months or less." (Plea Ag. § 4). This Court sentenced him to 117 months of imprisonment. (Dkt. No. 109, No. 07-cr-751). As a result, Deopersaud waived his right to appeal under the plea agreement. Furthermore, and in any event, Deopersaud's ineffective assistance of counsel claim is moot, because an appeal was actually filed, and the Second Circuit summarily affirmed this Court's judgment. (Dkt. No. 124, No. 07-cr-751).

Regarding Deopersaud's Section 924(c) claim, the parties did not dispute that Deopersaud did not personally use the gun during the robbery. As the Government represented to this Court during Deopersaud's plea allocution, "[T]he defendant wasn't actually the one in possession of the gun. He aided and abetted another's use of the gun." (Plea Tr. at 8:21). In other words, the Government charged Deopersaud under Section 924(c) because he had engaged in a conspiracy and had known at the time of the robbery about his co-defendant's possession of the firearm. Deopersaud also knowingly and voluntarily pled guilty to the Section 924(c) charge. His Section 924(c) claim is therefore without merit.

Finally, this Court lacks subject matter jurisdiction to review Deopersaud's restitution claim. *Cf. Kaminski v. United States*, 339 F.3d 84, 89 (2d Cir. 2003) ("Habeas lies to allow attacks on wrongful custodies."). A habeas petition may not challenge solely a restitution order. *Id.* at 85 ("The question raised by this appeal is whether a federal habeas corpus petition made under 28 U.S.C. § 2255 may include a challenge to an order of restitution imposed as part of the sentence, where that order does not amount to custody. We conclude that it may not."). Collateral review of the noncustodial, or restitution, claim is also prohibited where a habeas petition challenges both the custodial and noncustodial elements of a defendant's punishment. *See id.* at 89 ("There is . . . no reason why the presence of a plausible claim against a custodial

punishment should make a noncustodial punishment more amenable to collateral review than it otherwise might be. . . . Collateral relief from noncustodial punishments is not made more readily available to a petitioner just because that petitioner happens at the time to be subject also to custodial penalties."). Because Deopersaud's restitution claim does not challenge his imprisonment, this Court lacks jurisdiction to review his request for collateral relief on the restitution order.

### III. Conclusion

For the reasons stated above, Deopersaud's Motions are denied. The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED.**

s/ Sandra J. Feuerstein  
Sandra J. Feuerstein  
United States District Judge

Dated: September 21, 2015  
       Central Islip, New York